1  Darren J. Quinn (149679)
   LAW OFFICES OF DARREN J. QUINN
2  12702 Via Cortina, Suite 105
   Del Mar, CA 92014
3  Tel: (858) 509-9401

4  *Attorneys for Plaintiff Steven M. Gardner*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. GARDNER, an individual, | CASE NO. **'13CV1108 GPC JMA** |
| Plaintiff, | |
| v. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| CAFEPRESS INC., a Delaware corporation, BEVERLY TEALL, an individual | **DEMAND FOR A JURY TRIAL** |
| Defendants. | |

Plaintiff makes the following allegations on information and belief:

**INTRODUCTION**

1. This is an action for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§101 *et seq*.

2. Plaintiff is the creator and owner of copyrighted graphic designs. Defendants copied and/or reproduced plaintiff's copyrighted designs, and/or manufactured, distributed, marketed and/or sold infringing copies thereof. Plaintiff seeks all relief available to him for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§101 *et seq*.

**JURISDICTION AND VENUE**

3. This court has jurisdiction of this action under federal copyright laws, 28 U.S.C. §1331 and §1338(a).

4. Venue is proper in this district under 28 U.S.C. §1400(a) because defendants or their agents reside or may be found in this district. Defendants advertise, market and/or sell goods in this district via the Internet or directly. Defendants' wrongful conduct caused harm in this district, which harm defendants knew and/or intended would occur in this district.

**THE PARTIES**

5. Plaintiff STEVEN M. GARDNER ("GARDNER") is an individual who resides in the Southern District of California. Plaintiff is the owner of the copyrights that were infringed by the defendants.

6. Defendant CAFEPRESS INC. ("CAFEPRESS") is a Delaware corporation. On information and belief, CAFEPRESS owns and operates the website www.cafepress.com that advertised and sold items that infringed plaintiff's copyrights.

7. Defendant BEVERLY TEALL ("TEALL") is an individual. On information and belief, TEALL is the owner and registrant of the domain name SportsmanHill.com. The website www.SportsmanHill.com has a link called "SportsmanHill T-Shirts" that links to the www.cafepress.com website that advertised and sold items that infringed plaintiff's copyrights.

## CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT

8. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 7 of this Complaint.

9. Plaintiff has complied in all respects with the Copyright Act of the United States and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyrights at issue in this action. The United States Copyright Office has issued U.S. Copyright Registration for Alaska's Favorites (VA 1-782-988) attached hereto as Exhibit A.

10. Defendants have infringed, directly or through agents, plaintiff's copyrights. Defendants sold products containing design elements probatively and substantially similar to design elements contained in plaintiff's copyrighted designs including, but not limited to, the products listed on Exhibit B.

11. On information and belief, defendants' infringement is not limited to the copyrighted design listed above. On information and belief, the artist(s) or other person(s) responsible for providing plaintiff's above listed copyrighted designs to defendants also provided additional infringing designs. Plaintiff will identify such additional infringing designs after discovery into all designs submitted by such artist(s) and all marketing and sales materials used by defendants.

12. On information and belief, there is a business practice of infringement by defendants. On information and belief, defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to acting with willful blindness and/or reckless disregard.

13. As shown on Exhibit A, plaintiff's copyrighted design contains his signature as well as a copyright notice in the form of a "©". The removal of plaintiff's signature and

copyright notice "©" on infringing products establishes wilful infringement of plaintiff's copyright.

14.     On information and belief, defendants have infringed plaintiff's copyrights by, *inter alia*: (1) distributing various marketing materials containing designs identical to or substantially similar to plaintiff's copyrights; (2) selling or offering for sale various products containing designs identical or substantially similar to plaintiff's copyrights; (3) copying plaintiff's copyrights; (4) creating derivative works from plaintiff's copyrights; and (5) reproducing plaintiff's copyrights.

15.     Plaintiff has been and still is the sole proprietor of all rights, title, and interest in its copyrights.  Defendants' use, production, distribution, sale, copying and/or reproduction of plaintiff's copyrights is and has been without the consent and/or authorization of plaintiff.  The activities of defendants complained of herein constitute willful and intentional infringement of plaintiff's copyrights and are in total disregard of plaintiff's rights.

16.     Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of defendants in an amount thus far not determined.

17.     As result of such infringement, plaintiff seeks all remedies available to it, pursuant to the Copyright Act, including, but not limited to:

   a.     Seizure, impoundment and/or destruction of all of the products used to perpetrate the infringing acts pursuant to 17 U.S.C. §503.  On information and belief, defendants and/or third parties have documents reflecting the total number of infringing goods manufactured, distributed, sold and still remaining in inventory including, but not limited to, production reports, shipping invoices, bills of lading, sales invoices, and inventory-on-hand reports.  On information and

belief, these documents reflect the style/item numbers for defendants' infringing products and designs. Defendants and/or third parties have sales and marketing materials reflecting the images of infringing products/designs and associated style/item numbers including sales catalogs.

b. Actual damages suffered by plaintiff as a result of the infringement pursuant to 17 U.S.C. §504 (b). One measure of actual damages is the fair market value of a license covering the defendants' infringing use of plaintiff's designs. To the extent applicable, plaintiff seeks an additional award of two times the amount of the license fee that the proprietor of the establishment concerned should have paid the plaintiff for such infringing use during the preceding period of up to 3 years pursuant to 17 U.S.C. §504(b)

c. Any profits of defendants that are attributable to the infringement and are not taken into account in computing the actual damages pursuant to 17 U.S.C. §504 (b). On information and belief, defendants and/or third parties have documents that reflect the profits of defendants that are attributable to the infringement including sales invoices for the infringing designs and all documents showing defendants' direct costs of production.

d. Statutory damages (at plaintiff's election) instead of actual damages and profits, for all infringements involved in the action, with respect to any one work, for which any one defendant is liable individually, or for which defendant is liable jointly and severally with another, in a sum of not less than $ 750 or more than $30,000 as the court considers just pursuant to 17 U.S. C. §504(c)(1). To the extent the court finds that infringement was committed willfully, the court in its

discretion may increase the award of statutory damages to a sum of not more than $ 150,000 per violation, pursuant to 17 U.S.C. §504(c)(2).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and/or orders as follows:

1. That defendants be held to have infringed, directly or otherwise, plaintiff's copyrights.

2. That defendants be required to account for all gains, profits and advantages derived from each of its infringements of plaintiff's copyrights and to pay plaintiff such damages as plaintiff has sustained in consequence of each of defendant's infringements, or such damage as to this court shall appear proper within the provisions of the Copyright Law, including, without limitation, statutory damages up to $150,000 per violation in an amount no less than $150,000 based on at least one (1) infringing work that infringes at least one (1) of plaintiff's copyrights;

3. That all of the products used to perpetrate the infringing acts be seized, impounded and destroyed.

4. That a preliminary and permanent injunction issue restraining and enjoining defendants, and defendants' officers, agents, attorneys, directors, employees and those acting in privity or in concert with them, from directly or indirectly using, in any fashion, any of plaintiff's copyrighted works;

5. That all gains, profits and advantages derived by defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of plaintiff to avoid dissipation and/or fraudulent transfers of such monies by defendants;

6. That defendants be ordered to pay compensatory damages;

7. That defendants pay to plaintiff his costs of this action, expenses, and reasonable attorney's fees;

8. That defendants pay to plaintiff prejudgment interest; and

9. Such other and further relief as the court may deem necessary or appropriate.

| | |
|---|---|
| Dated: May 8, 2013 | LAW OFFICES OF DARREN J. QUINN<br>DARREN J. QUINN<br><br>   s/s Darren J. Quinn                              <br>       Darren J. Quinn<br><br>12702 Via Cortina, Suite 105<br>Del Mar, CA 92014<br>Telephone: (858) 509-9401<br><br>*Attorneys for Plaintiff Steven M. Gardner* |

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: May 8, 2013

Respectfully submitted,

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN

s/s/ Darren J. Quinn
Darren J. Quinn

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: (858) 509-9401

*Attorneys for Plaintiff Steven M. Gardner*