UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. GARDNER, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>CAFEPRESS, INC., a Delaware corporation, and BEVERLY TEALL, an individual,<br><br>    Defendants. | Case No. 13CV1108-GPC(JMA)<br><br>**ORDER RESETTING MANDATORY SETTLEMENT CONFERENCE** |

At Defendant's request, the Mandatory Settlement Conference on April 8, 2014 at 10 a.m. is vacated and reset for **April 7, 2014** at **2 p.m.**. Counsel shall submit settlement statements to Magistrate Judge Adler's chambers no later than **March 31, 2014**.[1]  The parties may either submit confidential settlement statements or may exchange their settlement statements.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement

---

[1] Statements under 20 pages in length, including attachments and exhibits, may be e-mailed to efile_adler@casd.uscourts.gov, faxed to (619) 702-9939, or delivered to chambers via the Office of the Clerk of Court at 333 West Broadway, Suite 420, San Diego, California.  Statements exceeding 20 pages in length, including attachments and exhibits, must be delivered to chambers via the Office of the Clerk of Court.

position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the Mandatory Settlement Conference.  **The settlement conference briefs shall not be filed with the Clerk of the Court.**

All named parties, all counsel, and any other person(s) whose **authority is required to negotiate and enter into settlement shall appear <u>in person</u> at the conference**.  <u>The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to: 1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).</u>

Appearance by litigation counsel only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required shall be cause for the immediate imposition of sanctions.**  All conference discussions will be informal, off the record, privileged, and confidential.

**IT IS SO ORDERED.**

DATED:  March 11, 2014

Jan M. Adler
U.S. Magistrate Judge

2