UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. GARDNER, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>CAFEPRESS, INC., a Delaware corporation, and BEVERLY TEALL, an individual,<br><br>    Defendants. | Case No. 13CV1108-GPC(JMA)<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE SCHEDULING ORDER DATES [DOC. NO. 72]** |

    With good cause appearing, the parties' Joint Motion to Continue Scheduling Order Dates is GRANTED. **IT IS HEREBY ORDERED:**

    1.    Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **July 18, 2014**. Defendant(s) (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **August 1, 2014**. On or before **August 15, 2014**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject.

2.	All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **September 26, 2014**.  Any contradictory or rebuttal information shall be disclosed on or before **October 10, 2014.**

3.	All fact discovery must be completed by all parties on or before **September 4, 2014**.  All expert discovery must be completed by all parties on or before **November 7, 2014**.  "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cutoff date, *so that it may be completed* by the cutoff date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.

4.	All motions, other than motions to amend or join parties, or motions in limine, shall be <u>filed</u> on or before **December 5, 2014**.  Prior to filing the motion, counsel for the moving party shall obtain a hearing date from the law clerk of the judge who will hear the motion

5.	The Mandatory Settlement Conference on January 9, 2015 at 10 a.m. is vacated and reset on **March 16, 2015** at **10 a.m.** in the chambers of Magistrate Judge Adler.  Counsel shall submit settlement statements to Magistrate Judge Adler's chambers no later than **March 9, 2015**.[1]  The parties may either submit confidential settlement statements or may exchange their settlement statements.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages,

---

[1] Statements under 20 pages in length, including attachments and exhibits, may be e-mailed to efile_adler@casd.uscourts.gov, faxed to (619) 702-9939, or delivered to chambers via the Office of the Clerk of Court at 333 West Broadway, Suite 420, San Diego, California.  Statements exceeding 20 pages in length, including attachments and exhibits, must be delivered to chambers via the Office of the Clerk of Court.

and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the Mandatory Settlement Conference.  **The settlement conference briefs shall not be filed with the Clerk of the Court.**

**All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person at the conference</u>.  <u>The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to: 1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).</u>**

Appearance by litigation counsel only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required shall be cause for the immediate imposition of sanctions.**  All conference discussions will be informal, off the record, privileged, and confidential.

6. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **March 20, 2015**.

7. The parties must meet and confer on or before **March 27, 2015**, and shall prepare a proposed pretrial order containing the following:

    a. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

    b. A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.

    c(1). A list, in alphabetical order, of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    c(2). A list, in alphabetical order, of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

    c(3). A list, in alphabetical order, of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    d(1). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit.

    d(2). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

    e. A statement of all facts to which the parties stipulate. This statement must be on a separate page and will be read to and provided to the jury.

    f. A list of all deposition transcripts by page and line, or

videotape depositions by section, that will be offered at trial in lieu of live testimony.

    8.    Counsel for the plaintiff must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **April 3, 2015**.

    9.    Written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures shall be filed and served on or before **April 3, 2015**. **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

    10.    The Pretrial Order shall be lodged with the district judge's chambers on or before **April 10, 2015**.

    11.    The final Pretrial Conference is scheduled on the calendar of Judge Curiel is continued from February 13, 2014 at 1:30 p.m. to **April 17, 2015** at **1:30 p.m.** The trial date will be assigned by Judge Curiel at the pretrial conference.

    12.    The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

DATED:  May 8, 2014

                                         Jan M. Adler
                                         U.S. Magistrate Judge