1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

STEVEN M. GARDNER, an
individual,

11

CASE NO. 3:13-cv-1108-GPC-JLB

**ORDER:**

12

Plaintiff,

**(1) GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO FILE
SECOND AMENDED
COMPLAINT;**

v.

13
14
15

CAFEPRESS INC., a Delaware
Corporation, et al.,

**(2) VACATING HEARING DATE**

16

Defendants.

**[ECF No. 54]**

17
18

**I. INTRODUCTION**

19

Before the Court is Plaintiff Steven M. Gardner's ("Plaintiff") Motion for Leave

20

to File Second Amended Complaint. (ECF No. 54.) Defendant CafePress, Inc.

21

("Defendant") filed an opposition. (ECF No. 90.) Plaintiff responded. (ECF No. 97.)

22

The parties have fully briefed the motion. (ECF Nos. 54, 90, 97.) The Court finds

23

the motion suitable for disposition without oral argument pursuant to Civil Local Rule

24

7.1(d)(1). Upon review of the moving papers, admissible evidence, and applicable law,

25

the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Leave

26

to File Second Amended Complaint. Due to deficiencies in Plaintiff's Proposed Second

27

Amended Complaint (the "Proposed SAC"), (ECF No. 54-1), the Court DENIES

28

Plaintiff leave to file the Proposed SAC. However, the Court GRANTS Plaintiff leave

to amend his complaint to add the causes of action specified in his motion and cure the deficiencies noted herein.

## II. PROCEDURAL HISTORY

On May 8, 2013, Plaintiff filed a complaint against Defendant alleging copyright infringement. (ECF No. 1.) On May 13, 2013, Plaintiff filed a first amended complaint ("FAC"). (ECF No. 3.) On April 4, 2014, Plaintiff filed a second lawsuit in the United States District Court for the Southern District of California against Defendant and PrideAndMore, Gardner v. CafePress Inc., No. 3:14-cv-0792-GPC-JLB ("Gardner II"). (ECF No. 90-2.)

On April 1, 2014, Plaintiff filed a motion for leave to file a second amended complaint with the Proposed SAC. (ECF No. 54.) On August 15, 2014, Defendant opposed Plaintiff's motion. (ECF No. 90.) On August 26, 2014, Defendant filed a notice of errata to their opposition. (ECF No. 93.) On August 28, 2014, Plaintiff responded to Defendant's opposition. (ECF No. 97.)[1]

## III. FACTUAL BACKGROUND

### A. First Amended Complaint

On September 14, 2002, Plaintiff allegedly first published a 2-D artwork titled "Alaska Wildlife." (ECF No. 3-1.) Effective November 24, 2012, Plaintiff obtained a registration in Alaska Wildlife from the United States Copyright Office. (Id.); VA 1-840-780. Plaintiff alleges that Defendant owns and operates https://www.cafepress.com where items that infringed the Alaska Wildlife copyright were advertised and sold. (FAC ¶ 6.) Based on the foregoing, Plaintiff alleges one cause of action for copyright infringement against Defendant. (FAC.)

/ /

---

[1] Plaintiff's response also requests that this case be consolidated with Gardner II.(ECF No. 97, at 2, 9.) Defendant moved to file a sur-reply to oppose consolidation. (ECF No. 99.) Plaintiff then filed a separate motion to consolidate, (ECF No. 100), and the Court denied Defendant's motion to file a sur-reply as moot, (ECF No. 103.) Accordingly, the Court will not consider Plaintiff's request to consolidate in ruling on this motion to amend.

**B. Proposed Second Amended Complaint**

First, the Proposed SAC adds a second cause of action for violation of 17 U.S.C. § 1202 ("§ 1202") against Defendant. (Proposed SAC ¶¶ 31–62.) Second, the Proposed SAC adds three additional copyrights to the first cause of action for copyright infringement: (1) "Find 12 Tigers," VA 1-840-834; (2) "Polar Bears 10 Hidden Bears," VA 1-864-127; and (3) "Harmony of Wolves," VA 1-851-029. (Id. ¶ 8.) Third, the Proposed SAC adds a new defendant, Lakin Southall ("Southall"), and alleges both causes of action against Southall. (Id. ¶¶ 8, 23, 48.) Defendant does not oppose the addition of Southall. (ECF No.90, 10 n.4).

## IV. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall freely be given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962); FED. R. CIV. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." Id.; contra Union Pac. R.R. Co. v. Nev. Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991).

Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 530–31 (N.D. Cal. 1989). In assessing the propriety of amendment, courts consider several factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. Foman, 371 U.S. at 182; United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011). These

factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend, <u>DCD Programs</u>, 833 F.2d at 186, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. <u>Bowles v. Reade</u>, 198 F.2d 752, 758 (9th Cir. 1999). The single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment. <u>William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.</u>, 668 F.2d 1014, 1053 (9th Cir. 1981). The party opposing amendment bears the heavy burden of overcoming the presumption in favor of amendment which arises absent a demonstration of prejudice or a strong showing of any of the remaining factors. <u>DCD Programs</u>, 833 F.2d at 186–87.

## V. DISCUSSION

For the reasons discussed below, the Court finds that the <u>Foman</u> factors weigh in favor of granting Plaintiff's motion to amend. <u>See</u> <u>Foman</u>, 371 U.S. at 182.

**A. Undue Delay**

The relevant inquiry is whether the delay between when the moving party "knew or should have known the facts and theories raised by the amendment" and the time of the amendment is reasonable. <u>Jackson v. Bank of Haw.</u>, 902 F.2d 1385, 1388 (9th Cir. 1990) (holding an eight month delay as unreasonable); <u>compare</u> <u>AmerisourceBergen Corp. v. Dialysist West, Inc.</u>, 465 F.3d 946, 953 (9th Cir. 2006) (holding a fifteen month delay as unreasonable) <u>with</u> <u>Anthony v. Cambra</u>, 236 F.3d 568, 577–78 (9th Cir. 2000) (holding a two month delay as reasonable). "Undue delay by itself, however, is insufficient to justify denying a motion to amend." <u>Bowles</u>, 198 F.3d at 758.

Plaintiff knew of his causes of action against Defendant and Southall for the alleged infringement of his three additional copyrights at least as early as June 2013. (ECF No. 93-1 ¶ 7; ECF No. 93-1, Ex. E.) It also appears that Plaintiff knew or should have known the facts supporting his § 1202 cause of action at least as of June 2013. Plaintiff brought this motion to amend in April 2014, at least nine months after he apparently knew about his cause of action based on the three additional copyrights and

approximately eleven months after Plaintiff filed suit. The Court finds that Plaintiff unduly delayed bringing his motion to amend.

**B. Bad Faith**

Analyzing bad faith requires courts to focus on a moving party's motives for bringing an amendment. Foman, 371 U.S. at 182. Bad faith may be found where the moving party has filed repetitious motions to amend. Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1520 (9th Cir. 1983). Bad faith will not be found where the plaintiff's allegations are "not frivolous" and where the plaintiff "endeavor[s] in good faith to meet the [] pleading requirements." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1053 (9th Cir. 2003).

Defendant argues that Plaintiff brings this motion in bad faith to attempt to "circumvent the Scheduling Order and th[e] Court's partial summary judgment ruling precluding the award of statutory damages and attorneys' fees by filing a separate lawsuit that mirrors this very action." (ECF No. 90, at 10.) Defendant argues that Plaintiff should have included the causes of action asserted in Gardner II in this motion to amend. (Id.) Plaintiff has since filed a motion to consolidate, (ECF No. 100), that, if granted, would accomplish the very thing that Defendant argues Plaintiff should have done. Even if Defendant were correct that Plaintiff's filing of Gardner II was in bad faith, that alleged bad faith does not somehow impute bad faith to Plaintiff's present motion to amend. Accordingly, the Court finds that Plaintiff has not brought this motion in bad faith.

**C. Repeated Failure to Cure Deficiencies**

Though the Court's discretion "to deny leave to amend is particularly broad where plaintiff has previously amended," Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989), the focus is on whether the plaintiff has repeatedly failed to cure deficiencies in the complaint. See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742 (9th Cir. 2008) (citing Foman, 371 U.S. at 182). Plaintiff amended his complaint once—in May 2013—prior to when Defendant argues Plaintiff knew

about his claims based on the three additional copyrights. (See ECF No. 3; ECF No. 90, at 10 n.4 (arguing that Plaintiff knew about the claims based on the three additional copyrights "as early as June 2013").) A single previous amendment, made prior to the time at which Plaintiff knew about several of the claims that Plaintiff wishes to add, does not rise to the level of repeated failure to cure deficiencies.

**D. Undue Prejudice to Defendant**

Undue prejudice to the opposing party is the most important factor in determining whether leave to amend should be granted. Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). "Prejudice is the 'touchstone of the inquiry under rule 15(a)'" and "carries the greatest weight." Eminence Capital, 316 F.3d at 1051–52 (citations omitted). In determining whether the opposing party would suffer undue prejudice, the court considers whether the proposed amendment would "greatly change the parties' positions in the action, and require the assertion of new defenses." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

Defendant does not argue that the three new copyright claims or the addition of Southall would prejudice Defendant. (See ECF No. 90, at 10 n.4.) However, Defendant does argue that the addition of the § 1202 cause of action would prejudice it for two reasons: (1) the timing of Plaintiff's motion, and (2) that the § 1202 cause of action significantly differs from the cause of action for copyright infringement. (See ECF No. 90, at 8–9.)

Fact discovery in this case closed on September 4, 2014. (ECF No. 73, at 2.) Expert discovery in this case closes on November 7, 2014. (Id.) The deadline for dispositive motions is December 5, 2014. (Id.) While the original hearing date for this motion to amend was June 27, 2014, (see ECF No. 53), the parties jointly moved to continue the briefing deadline and hearing date on this motion four times and the Court granted all four motions. (ECF Nos. 61, 64, 70, 71,76, 77, 82, 84.) Defendant cannot repeatedly jointly move to continue the briefing deadline and hearing date on this motion and then argue that those very same dates now prejudice it.

Moreover, on January 29, 2014, Defendant requested, in the alternative, that Magistrate Judge Adler stay discovery in this case while Defendant's summary judgment motion was pending. (See ECF No. 38, at 9–10.) On February 3, 2014, Magistrate Judge Adler stayed discovery, (ECF No. 42, at 3), and on May 13, 2014, Magistrate Judge Adler continued the stay of discovery, (see ECF No. 76, at 2 (citing ECF No. 74)). Plaintiff filed his motion to amend less than one year after this litigation commenced, at a time when discovery was stayed, and more than five months before the close of fact discovery. The Court finds that the timing of Plaintiff's motion to amend does not unduly prejudice Defendant and now turns to Defendant's second argument that it would be unduly prejudiced.

Plaintiff's § 1202 cause of action is based on what Defendant does with the images uploaded by its users that allegedly infringe Plaintiff's copyright and contain copyright management information. Similarly, Plaintiff's copyright infringement cause of action is based on what Defendant does with the images uploaded by its users that allegedly infringe Plaintiff's copyrights. While these two causes of action are based on different legal theories, the factual underpinnings of both significantly overlap as they are both based primarily on what happens to the allegedly infringing works after they are uploaded to Defendant's website. Accordingly, the Court also concludes that neither the difference between Plaintiff's § 1202 cause of action and Plaintiff's copyright infringement cause of action, nor the timing of Plaintiff's motion, unduly prejudice Defendant.

**E. Futility**

The test for determining the futility of an amendment is whether the amendment can survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted); FED. R. CIV. P. 12(b)(6). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief ." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a complaint under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Plaintiff's Proposed SAC alleges copyright infringement by Defendant and Southall. (Proposed SAC ¶¶ 8, 24.) Defendant does not argue that these amendments to Plaintiff's first cause of action would be futile and the Court finds that Plaintiff has pled sufficient facts to support a copyright infringement cause of action based on the three additional copyrights against Defendant and Southall.

Plaintiff's Proposed SAC also alleges that Defendant violated § 1202 by removing copyright management information ("CMI"), including "the name of the author and/or copyright owner." (Proposed SAC ¶ 3.) § 1202 creates liability for persons who "intentionally remove or alter any [CMI]," without the authority of the copyright owner or the law, or distribute CMI "knowing that the [CMI] has been removed or altered without authority of the copyright owner or the law." 17 U.S.C. §

1202(b). The definition of CMI includes the work's title, the author's name, and the copyright owner's name, among other information. 17 U.S.C. § 1202(c).

Defendant argues that its letter to Plaintiff shows that it "retain[s] metadata from the original files uploaded by users" to its website and thus Plaintiff cannot allege any facts to support a § 1202 cause of action. (<u>See</u> ECF No. 93-1, Ex. D.) While this letter supports the contention that Defendant does keep the metadata in some form, it does not disprove the allegation that Defendant has removed metadata from at least some of the files that Defendant distributes.

Plaintiff argues that two declarations—one attached to the motion to amend and another submitted in opposition to Defendant's prior summary judgment motion—support its § 1202 cause of action by showing that Plaintiff can allege facts showing that Defendant removes or alters CMI or distribute works knowing that CMI has been removed or altered. (ECF No. 97, at 5 (citing ECF No. 54-3 ¶ 4; ECF No. 32 ¶¶ 3–4).) Plaintiff's proposed § 1202 allegations merely repeat the language of § 1202 and do not contain any factual allegations to support a § 1202 cause of action. (<u>See</u> Proposed SAC ¶¶ 3, 48–57.) However, the declarations pointed to by Plaintiff do show that Plaintiff can plead facts sufficient to support a § 1202 cause of action. Accordingly, the Court finds that amendment is not futile.

While Plaintiff has unduly delayed in seeking amendment, the other four <u>Foman</u> factors favor Plaintiff and undue delay by itself cannot serve as a basis for denying leave to amend. <u>See</u> <u>Bowles</u>, 198 F.3d at 758. Accordingly, the Court GRANTS Plaintiff leave to amend his complaint but DENIES Plaintiff leave to file the Proposed SAC filed.

## VI. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Motion for Leave to File Second Amended Complaint, (ECF No. 54), is **GRANTED** as to leave to amend his complaint, and **DENIED** as to leave to file the Proposed SAC;

2.   Plaintiff **SHALL FILE** an amended complaint with the causes of action specified in his Motion for Leave to File Second Amended Complaint and cure any deficiencies noted herein by **October 10, 2014**; and

3.   The hearing set for September 26, 2014 is **VACATED**.

DATED:  September 25, 2014

HON. GONZALO P. CURIEL
United States District Judge