**GREENBERG TRAURIG, LLP**
IAN C. BALLON (SBN 141819)
LORI CHANG (SBN 228142)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile:  (310) 586-7800
Email:  ballon@gtlaw.com
            changl@gtlaw.com

SARAH E. BARROWS (SBN 253278)
4 Embarcadero Center, Suite 3000
San Francisco, California 94111
Telephone: (415) 655-1300
Facsimile:  (415) 707-2010
Email:  barrowss@gtlaw.com

*Attorneys for Defendant CafePress Inc.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. GARDNER, an individual<br><br>           Plaintiff,<br><br>vs.<br><br>CAFEPRESS INC., a Delaware Corporation, et al.<br><br>           Defendant(s). | CASE No. 3:13-CV-01108 GPC (JLB)<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DECLARATION OF DARREN J. QUINN (ECF NO. 119) AND PLAINTIFF'S LATE-FILED DOCUMENTS IN OPPOSITION TO DEFENDANT CAFEPRESS' MOTION FOR SUMMARY JUDGMENT ON LIABILITY OR, ALTERNATIVELY, FOR PARTIAL SUMMARY JUDGMENT ON DAMAGES**<br><br>Date:          December 5, 2014<br>Time:          1:30 p.m.<br>Judge:        Hon. Gonzalo P. Curiel<br>Courtroom:  2D (Schwartz) |

## I.   INTRODUCTION

Plaintiff's Opposition to CafePress Inc.'s ("CafePress") Motion for Summary Judgment rests on the declaration of its counsel, Darren Quinn ("Quinn"), which is comprised almost entirely of argument—not evidence—and should therefore be stricken. This self-serving declaration is submitted to "prove" that CafePress is an "infringer" and that Plaintiff is entitled to additional profits allegedly generated from sales of unrelated products that undisputedly do not infringe any of Plaintiff's works. Quinn, however, is not a fact witness and he lacks personal knowledge of the alleged infringement and CafePress' business practices. He therefore cannot testify to any such facts. Paragraphs 2, 4, 5, 6, and 9, and Exhibits 1, 2, 8, 12, and 13 of Quinn's declaration should accordingly be stricken and deemed inadmissible.

Additionally, Plaintiff knowingly filed documents supporting his Opposition to CafePress' Motion for Summary Judgment at the eleventh hour, on the date CafePress' Reply brief is due, despite the fact that CafePress alerted Plaintiff that he was missing a required document nearly two weeks ago. The Court should strike the Response to Defendant's Statement of Undisputed Material Facts (ECF No. 124) and Objections to Decl. of Lindsay Moore (ECF No. 125), which Plaintiff purposefully delayed in filing to maximize the prejudicial effect on CafePress.

## II.   ARGUMENT

### A.   <u>Quinn's Assertions Regarding CafePress' Allegedly Infringing Activities Are Based On Argument, Not Personal Knowledge.</u>

Plaintiff's counsel cannot submit a declaration on matters on which he lacks personal knowledge. *See Bank Melli Iran v. Pahlavi,* 58 F.3d 1406, 1412 (9th Cir.1995) ("[T]he [plaintiffs]' response to [defendant]'s evidence was information and belief declarations from their counsel. Those were entitled to no weight because the declarant did not have personal knowledge."); *see also* Fed. R. Civ. P. 56 (c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is

competent to testify on the matters stated."); Fed. R. Evid., Rules 602 (lacks personal knowledge) and 901 (lacks foundation). Declarations by counsel that contain "inappropriate factual assertions that are not based on personal knowledge and make improper legal conclusions" must therefore be stricken. *See Hennighan v. Insphere Ins. Solutions, Inc.*, -- F. Supp. 2d -- , No. 13-CV-00638-WHO, 2014 WL 1600034, at *7 (N.D. Cal. Apr. 21, 2014).

Plaintiff cannot rely on Quinn's declaration to prove that CafePress infringed his works. Quinn's accusation that CafePress "is a repeat copyright infringer" is (inaccurate) argument, not evidence. Quinn Dec. ¶ 2. Moreover, Quinn fails to demonstrate that he has personal knowledge of the alleged infringements by Beverly Teall and Lakin Southall (*id.*), and does not explain who "discovered" the images on CafePress' website. He therefore cannot purport to attest to such facts. *See Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1024 (N.D. Cal. 2006) (attorney's mere assertion of competency to testify and personal knowledge of facts that formed basis for action were insufficient to render summary judgment declaration admissible; attorney had to show personal knowledge and competency to testify by facts stated); *Express, LLC v. Fetish Group, Inc.*, 464 F. Supp. 2d 965, 974 (C.D. Cal. 2006) ("declarations *by attorneys* are only sufficient if the facts stated are matters of which the attorney has personal knowledge such as matters connected with the course of the lawsuit"); *Sterner v. U.S. Drug Enforcement Agency*, 467 F. Supp. 2d 1017, 1034 (S.D. Cal. 2006) (holding declaration of "legal assistant or paralegal of Plaintiff's counsel" was insufficient because "the declaration does not inform the Court regarding the declarant's competence and personal knowledge . . . ."). Also, Quinn's assertion that multiple CafePress *users* have allegedly infringed Plaintiff's works does not support his claim that CafePress is itself a "repeat infringer."

In addition, Quinn's contention that "CafePress directly infringes" by making copies of images uploaded by users (*id.* ¶¶ 5-6) constitutes a legal conclusion, not fact, and is also inadmissible (and false). *See Heighley v. J.C. Penney Life Ins. Co.*, 257 F. Supp. 2d 1241, 1260 (C.D. Cal. 2003) (granting summary judgment and striking

attorney's affidavit that "offers his interpretations of case law and makes legal conclusions on matters of law and ultimate issues" and lacked proper citation to any facts in the record).

Similarly, baseless and scandalous assertions that CafePress "destroyed" original files uploaded by CafePress users (Quinn Dec. ¶ 5) and "electronic copies used to display infringing virtual product images" on CafePress' website, invoices and advertising (*id.* ¶ 7), are nothing more than unsupported argument. In fact, CafePress converts all user files to .PNG (the "primitive" file) during the automatic upload process, so there is no copy "destroyed"—it is merely saved in another format. Guyon Decl. Ex. F at 2-7. Moreover, CafePress has produced copies of all primitive files to Plaintiff, and Gardner's assertion that CafePress "did not produce" them (Quinn Dec. ¶ 7) is incorrect. Guyon Decl. Exhs. A, B. The fact that CafePress takes down images upon receipt of an alleged infringement claim so that the images no longer appear on the website (or on reprinted invoices, *see* Quinn Decl. ¶ 8) certainly does not mean that CafePress has "destroyed" those images. Plaintiff has no proof (and there is no proof) that CafePress spoliated evidence. Indeed, the Digital Millennium Copyright Act *requires* service providers such as CafePress to disable access to or remove allegedly infringing files. 17 U.S.C. § 512(c)(1). Complying with a legal obligation is not spoliation. Accordingly, such statements by Plaintiff's counsel are improper, lack foundation, and are inadmissible to create a genuine issue of material fact. Paragraphs 2, 5 and 6 of Quinn's declaration should therefore be stricken in their entirety.

**B.** **Testimony Regarding Alleged Sales Of Unrelated Products Is Irrelevant, Based On Speculation, And Therefore Inadmissible.**

Plaintiff cannot prove entitlement to unrelated profits on the basis of his attorney's declaration. Quinn asserts that in addition to allegedly infringing sales by Teall and Southall, CafePress "sold a CONFIDENTIAL amount of goods" as a result of redirect advertising provided by TellApart. Quinn Dec. ¶ 4. Quinn is cryptically alluding to products bearing images that ***do not*** infringe any of Plaintiff's works—not sales of

products that bear any of Plaintiff's works (which he purports to summarize in paragraph 3). Plaintiff claims he is entitled to these unrelated sales because such items were purchased after a user was shown an advertisement of a product the user already viewed on the CafePress website allegedly depicting one of Plaintiff's works. However, even if unrelated items were purchased after a user viewed an advertisement allegedly depicting Plaintiff's work, there is no evidence of any causal connection between the allegedly infringing ads and purchases of non-Gardner related products. Indeed, since the products by definition depicted images that Plaintiff does not contend infringe his works, the only logical inference is that these sales of non-Gardner products are not related.

Plaintiff is only allowed to recover "profits attributable to the infringement," 17 U.S.C. § 504(b), and paragraph 4 of Quinn's declaration does not demonstrate that sales of unrelated products are attributable to the allegedly infringing ads. *Mackie v. Rieser*, 296 F.3d 909, 914-15 (9th Cir. 2002) (granting defendant summary judgment that sales of a concert series subscription were not recoverable as "profits attributable to the infringement" of a plaintiff's image in a brochure advertising the series, because any causal link between the infringement and the subscription sales was purely speculative). Therefore, Quinn's testimony is nothing more than pure speculation that does not create a material issue of fact. *See Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment."); *Nelson v. Pima Cmty. College,* 83 F.3d 1075, 1081–82 (9th Cir.1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment"). Paragraph 4, therefore, should be stricken.

Moreover, the emails attached as Exhibit 4 refer to information generated by TellApart at CafePress' request for purposes of settlement negotiations. This information is not generated in the ordinary course of business.

**C.** **Improperly Authenticated And Irrelevant Hearsay Exhibits Attached To Quinn's Declaration Should Be Stricken.**

4

Plaintiff also cannot rely on Quinn's declaration to prove "sales of CafePress products." Quinn Dec. ¶ 9. None of the third party websites attached to Quinn's declaration (Exhibits 8 (Wal-Mart and K-Mart), 12 (Amazon), and 13 (eBay)) show sales of products that infringe Plaintiff's works. They are therefore irrelevant. These printouts of third party websites also constitute hearsay and are inadmissible. *See JVC Kenwood Corp. v. Arcsoft, Inc.*, 966 F. Supp. 2d 1003, 1018 (C.D. Cal. 2013) (granting alleged infringer's summary judgment and excluding attorney's declaration summarizing content of webpages citing Fed. R. Evid. 801 and stating: "When printed webpages are offered as evidence to prove the truth of the statements made on the webpage, they are inadmissible hearsay.").

In addition, Exhibits 1 and 2 that purport to summarize sales reports produced by CafePress are not properly authenticated by Quinn, who admits he did not prepare them, or review their calculations for accuracy. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 780 (C.D. Cal. 2004) (documents prepared by a third party are not authentic and are inadmissible on summary judgment, in the absence of additional verifying evidence).

**D.   Documents Filed Two Weeks Late Should Be Stricken.**

Plaintiff purposefully delayed in filing documents that are required by order of the Court to be included in his Opposition until the afternoon of the day that CafePress' Reply brief is due. The Ninth Circuit holds that district courts properly disregard documents submitted in opposition to summary judgment that are untimely filed without excuse. *See Sheehan v. Aetna Cas. & Sur. Co.*, 67 F.3d 308 (9th Cir. 1995) (affirming a district court's refusal to consider an affidavit filed after the deadline to responds to a summary judgment motion, because the information in the affidavit was not "new" and there was no reason that the plaintiff could not have included the affidavit with his opposition). Indeed, in the absence of evidence of "excusable neglect" for the late filing, the Court must strike the Response to Defendant's Statement of Undisputed Material Facts and Objections to Decl. of Lindsay Moore. *See Kona Enters., Inc. v. Estate of*

*Bishop ex rel. Peters*, 243 F. App'x 274, 277-78 (9th Cir. 2007) (citing *Pioneer Inv. Servs. Co. v. Brunswich Assocs.*, 507 U.S. 380, 395 (1993) (striking late filed documents is appropriate unless excusable neglect justifies the untimeliness).

Plaintiff has wholly failed to even allege that excusable neglect precluded him from timely filing these documents, and for that reason alone, they should be stricken.[1] Indeed, Plaintiff cannot demonstrate excusable neglect. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931-32 (9th Cir. 1994). Similarly, where rules are "***not*** ambiguous," a party cannot demonstrate excusable neglect for failing to follow them. *Id.* (emphasis in original). Here, the Court's Civil Pretrial & Trial Procedures require "[a]ny opposition to a summary judgment motion" to "include a response to the separate statement of undisputed material facts." The local rules also require that an opposing party include all "evidence upon which the party [] relies" with an opposition memorandum—not two weeks later. CivLR 7.1(f)(3)(b). There is no ambiguity in these requirements, and Plaintiff's failure to include the Response to Defendant's Statement of Undisputed Material Facts and Objections to Decl. of Lindsay Moore. on October 24, 2014, is inexcusable.

Moreover, Plaintiff's late filing appears to have been intended to prejudice CafePress. CafePress alerted Plaintiff on October 28, 2014, that he had not included a response to the statement of undisputed material facts with his Opposition papers. However, despite Quinn's representation that he would submit a response "first thing," Plaintiff delayed the submission until hours before CafePress' Reply was due. Guyon Decl. ¶ 7. This seemingly purposeful delay evidences an intent to prejudice CafePress' Reply, by producing new alleged material facts that Plaintiff knows CafePress does not have time to address. The Court should strike these purposefully untimely documents.

---

[1] Plaintiff also failed to attain "consent of the judicial office assigned to the case" as CivLR 7.1(e)(7) requires before filing the untimely documents.

MEMORNADUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

## III.    CONCLUSION

For the foregoing reasons, the portions from Quinn's declaration identified above, and the Response to Defendant's Statement of Undisputed Material Facts and Objections to Decl. of Lindsay Moore, should, respectfully, be stricken.

Respectfully submitted,

DATED:  November 7, 2014          GREENBERG TRAURIG, LLP

By:    _____

Sarah Barrows
*Attorneys for defendant CafePress Inc.*
Email:  barrowss@gtlaw.com