**GREENBERG TRAURIG, LLP**
Ian C. Ballon (SBN 141819)
Lori Chang (SBN 228142)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone:  (310) 586-7700
Facsimile:   (310) 586-7800
Email:  ballon@gtlaw.com,
changl@gtlaw.com

Sarah E. Barrows (SBN 253278)
4 Embarcadero Center, Suite 3000
San Francisco, California  94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010
Email:  barrowss@gtlaw.com

*Attorneys for Defendant CafePress Inc.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. GARDNER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CAFEPRESS INC., a Delaware Corporation, et al.<br><br>Defendant(s). | Case No.: 3:13-CV-01108 (GPC) JLB<br><br>**DECLARATION OF REBEKAH S. GUYON RE: DISCOVERY PROVIDED TO PLAINTIFF**<br><br>Date:        December 5, 2014<br>Time:       1:30 p.m.<br>Judge:      Hon. Gonzalo P. Curiel<br>Courtroom:  2D (Schwartz) |

# DECLARATION OF REBEKAH S. GUYON

I, Rebekah S. Guyon, declare:

1.     I am an attorney at the law firm of Greenberg Traurig LLP, which represents Defendant CafePress Inc. ("CafePress"), in the above-captioned matter. I make this declaration based on my personal knowledge or, where not of my personal knowledge, based on records that Greenberg Traurig maintains in its ordinary course of business, and if called to testify thereto, I could and would competently do so under oath.

2.     Plaintiff asserts that he could not attain discovery regarding CafePress' revenues and costs. Plaintiff's Opposition to Defendant CafePress' Motion for Summary Judgment on Liability or, Alternatively, for Partial Summary Judgment on Damages to at 22 (ECF No. 117). However, CafePress designated and produced its accounting manager, Greg Adams to testify as a 30(b)(6) witness on January 13, 2014, regarding CafePress' revenues. Attached hereto as **Exhibit "A"** is a true and correct copy of Plaintiff's Notice of 30(b)(6) deposition, served on December 27, 2013. A true and correct copy of the communication confirming Mr. Adam's designated categories of testimony is attached hereto as **Exhibit "B".**

3.     The communications attached as Exhibit 4 to the Declaration of Darren J. Quinn in Opposition to Defendant CafePress' Motion for Summary Judgment on Liability or, Alternatively, for Partial Summary Judgment on Damages, were produced to Mr. Quinn as part of the parties' settlement negotiations in April, 2014, before fact discovery closed. Plaintiff did not seek discovery from third parties regarding their motivation for these purchases, and CafePress does not possess evidence regarding third parties' motivation for these purchases. Plaintiff also did not seek discovery regarding the technical means by which links to the CafePress website are transmitted to other websites.

4.     Plaintiff asserts that CafePress did not produce evidence of its costs and expenses. Opposition at 22. However, in response to various discovery requests, CafePress produced a breakdown of its costs and expenses associated with sales of the

Case No.  3:13-CV-01108 GPC (JLB)
DECLARATION OF REBEKAH S. GUYON RE: DISCOVERY PROVIDED TO PLAINTIFF

products at issue. Attached hereto as **Exhibit "C"** is a true and correct copy of CafePress' sales breakdowns produced to Plaintiff.

5. Mr. Quinn asserts that CafePress did not produce .PNG files associated with the images at issue. Declaration of Darren J. Quinn in Opp. To Defendant CafePress' Motion for Summary Judgment on Liability, or, Alternatively, for Partial Summary Judgment on Damages ¶ 7 (ECF No. 119). However, on March 29, 2014, CafePress produced the native .PNG files of the images that Lakin Southall and Beverly Teall uploaded to the CafePress website that Plaintiff contends infringe his copyrights. Attached hereto as **Exhibit "D"** are true and correct copies of counsel for CafePress' correspondence with Mr. Quinn confirming the transfer of native files. Attached hereto as **Exhibit "E"** are true and correct copies of printouts of the native files produced to Plaintiff on March 29, 2014.

6. Plaintiff asserts that CafePress destroyed electronic copies of the images that Teall and Southall uploaded to the CafePress website. However, CafePress explained to Plaintiff in supplemental interrogatory responses on October 17, 2014, that no images are "lost, cut, or cropped" in the technical process by which users upload images to the CafePress website. Attached hereto as **Exhibit "F"** is a true and correct copy of Defendant CafePress Inc.'s Supplemental Responses to Plaintiff's Second Set of Requests for Admission, served October 17, 2014.

7. On October 28, 2014, I alerted Mr. Quinn that Plaintiff had not included in his Opposition a response to CafePress' Statement of Undisputed Material Facts (ECF No. 96-20). Mr. Quinn initially stated that he did not file a response to CafePress' Statement of Undisputed Material Facts because he did not believe CafePress had filed a statement of undisputed material facts. During the same call, Mr. Quinn apparently realized that CafePress had filed a Statement of Undisputed Material Facts, in accordance with the Court's Civil Pretrial & Trial Procedures, and he informed me that Plaintiff would submit a response "first thing."

1  I declare under penalty of perjury that the foregoing is true and correct. Executed
2  in Los Angeles, California, on November 7, 2014.

_____
REBEKAH S. GUYON

Case No. 3:13-CV-01108 GPC (JLB)
DECLARATION OF REBEKAH S. GUYON RE: DISCOVERY PROVIDED TO PLAINTIFF