# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. GARDNER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CAFEPRESS INC., a Delaware Corporation, et al.,<br><br>Defendants. | CASE NO. 3:13-cv-1108-GPC-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO CONSOLIDATE AND TO SET NEW SCHEDULING DATES;**<br><br>**[No. 3:13-cv-1108-GPC-JLB, ECF No. 100]**<br><br>**[No. 3:14-cv-0792-GPC-JLB, ECF No. 7]**<br><br>**(2) VACATING HEARING DATE** |

## I. INTRODUCTION

Before the Court is Plaintiff Steven M. Gardner's ("Plaintiff") Motion to Consolidate and to Set New Scheduling Dates. (ECF No. 100.)[1] Defendants CafePress Inc. ("CafePress") and TellApart, Inc. ("TellApart")[2] (collectively, "Defendants") oppose. (ECF No. 126.)[3] Plaintiff has replied to Defendants' opposition. (ECF

---

[1] (*See* No. 3:14-cv-0792-GPC-JLB, ECF No. 7.)

[2] TellApart is not a defendant in 3:13-cv-1108-GPC-JLB, but is a defendant in 3:14-cv-0792-GPC-JLB.

[3] (*See* No. 3:14-cv-0792-GPC-JLB, ECF No. 21.)

No.131.)[4]

The parties have fully briefed the motion. (ECF Nos. 100, 126, 131.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion to Consolidate.

## II. BACKGROUND

On May 8, 2013, Plaintiff filed a complaint alleging copyright infringement by CafePress and CafePress users (*Gardner v. CafePress, Inc.* ("*Gardner I*"), No. 3:13-cv-1108-GPC-JLB). (ECF No. 1.) On October 14, 2014, pursuant to this Court's order granting Plaintiff's motion to amend, (ECF No.108), Plaintiff filed a second amended complaint ("SAC") against CafePress and CafePress users, adding a new claim and a new defendant. (ECF No. 112.)

On April 4, 2014, Plaintiff filed a complaint alleging copyright infringement by CafePress and a different CafePress user. (*Gardner v. CafePress Inc.* ("*Gardner II*"), No. 3:14-cv-0792-GPC-JLB, ECF No. 1.)[5] On September 8, 2014, Plaintiff filed a first amended complaint in *Gardner II* adding TellApart as a defendant. (No. 3:14-cv-0792-GPC-JLB, ECF No. 6.)

On September 8, 2014, Plaintiff filed a motion to consolidate. (ECF No. 100.) On November 7, 2014, Defendants filed an opposition to Plaintiff's motion. (ECF No. 126.) On November 21, 2014, Plaintiff filed a reply to Defendants' opposition. (ECF No. 131.) Plaintiff seeks to consolidate *Gardner I* and *Gardner II*. (ECF No. 100.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) grants the Court broad discretion to consolidate separate actions. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). Under Rule 42(a), the Court may

---

[4] (*See* No. 3:14-cv-0792-GPC-JLB, ECF No. 23.)

[5] References to docket entries in this order refer to the docket entries in *Gardner I* unless explicitly stated otherwise.

consolidate actions that involve common questions of law or fact. FED. R. CIV. P. 42(a). The Court should also consider weigh any time and effort saved by consolidation against any "inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.1984) (citations omitted).

## IV. DISCUSSION

The parties do not dispute that *Gardner I* and *Gardner II* share common questions of law and fact. (*See* ECF No. 100-1, at 4; ECF No. 126, at 5.) However, Defendants argue three reasons why the cases should not be consolidated: (1) the difference in procedural posture between the two cases, (2) the increased inconvenience and cost resulting from consolidation, and (3) consolidation would prejudice Defendants. (ECF No. 126, at 5–6.)

First, the parties dispute whether consolidation would require altering the current discovery deadlines. (*Compare* ECF No. 131, at 1–2 *with* ECF No. 126, at 5.) Citing *Mills v. Beech Aircraft Corp.*, 886 F.2d 758 (5th Cir. 1989), Defendants argue that discovery in *Gardner I* has already closed and consolidation would cause undue delay by reopening discovery in *Gardner I*. (ECF No. 126, at 5.) Plaintiff argues that, due to the recent addition of a new claim and new defendant, discovery already needs to extended, regardless of whether the cases are consolidated. (ECF No. 131, at 1–2.) Second, Defendants argue that there will be additional expenses of another motion for summary judgment and the redeposing of an expert witness. (ECF No. 126, at 6.) Third, Defendants argue that consolidation would prejudice CafePress and TellApart because Plaintiff's theories of liability differ for each defendant. (*Id.*)

While consolidation undoubtedly would cause some delay and increased expenses in *Gardner I*, the Court must weigh that against any time and effort saved by consolidation. *Huene*, 743 F.2d at 704. In this case, consolidation would save considerable time and effort because these two cases relate to similar alleged actions of CafePress users and similar alleged responses to those actions by CafePress and TellApart. Consolidation would avoid the unnecessary expense of two separate trials.

Moreover, any additional extension of discovery would be quite limited as the parties have already engaged in extensive discovery in *Gardner I* and consolidation would reduce the amount of duplicative discovery that may have been required were *Gardner II* to proceed by itself.

Additionally, the Court finds that Defendants would not be prejudiced by consolidation. The trier of fact in *Gardner II* would already have to allocate damages amongst CafePress and TellApart if liability were found. Thus, consolidation would not be the cause of any alleged "prejudice" because the alleged "prejudice" argued by Defendants, (*see* ECF No. 126, at 6), exists due to *Gardner II* already having both CafePress and TellApart as defendants. Accordingly, the Court finds that any inconvenience or delay is outweighed by the time and expenses saved and that consolidation would not prejudice Defendants.

Because *Gardner I* and *Gardner II* share common questions of law and fact, and consolidation would reduce the duplicative efforts to try both cases separately while creating minimal increased delay or expenses, consolidation of the two cases is appropriate and the Court GRANTS Plaintiff's motion as to consolidation. However, the parties must file a joint motion with the magistrate judge to obtain new scheduling dates and therefore the Court DENIES Plaintiff's motion as to obtaining new scheduling dates.

## V. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Consolidate, (ECF No. 100), is **GRANTED** as to consolidation and **DENIED** as to scheduling dates;
2. *Gardner I*, No. 3:13-cv-1108-GPC-JLB, and *Gardner II*, No. 3:14-cv-0792-GPC-JLB, are **CONSOLIDATED**;
3. The parties are directed to file a joint motion with the magistrate judge to obtain new scheduling dates on or before **January 16, 2015**;
4. All new filings shall be filed in *Gardner I*, No. 3:13-cv-1108-GPC-JLB;

5. Plaintiff is directed to file a consolidated complaint on or before **February 6, 2015**;[6] and

6. The hearing set for December 19, 2014, is **VACATED**.

DATED: December 16, 2014

HON. GONZALO P. CURIEL
United States District Judge

---

[6] The Court has set a deadline that follows the anticipated ruling on CafePress's pending motion to dismiss, (ECF No. 122), so as to avoid the possibility of Plaintiff having to file a multiple consolidated complaints depending on the outcome of said motion.