**GREENBERG TRAURIG, LLP**
Ian C. Ballon (SBN 141819)
Lori Chang (SBN 228142)
Rebekah S. Guyon (SBN 291037)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone:   (310) 586-7700
Facsimile:   (310) 586-7800
Email:       ballon@gtlaw.com,
changl@gtlaw.com, guyonr@gtlaw.com

*Attorneys for Defendants*
*CafePress Inc. and TellApart, Inc.*

**KOPELOWITZ & ASSOCIATES**
Jay S. Kopelowitz (SBN 149652)
12702 Via Cortina Suite 700
Del Mar, California 92014
Telephone: (877) 755-7997
Facsimile: (877) 755-7997
Email: jay@jaylaw.com

*Attorney for Plaintiff*
*Steven M. Gardner*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. GARDNER, an individual,<br><br>           Plaintiff,<br><br>      v.<br><br>CAFEPRESS INC., a Delaware corporation, and LAKIN SOUTHALL, an individual,<br><br>           Defendants. | Case Nos.: 13-cv-1108-GPC-JLB;14-cv-0792-GPC-JLB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PARTIES' <u>JOINT *EX PARTE*</u> MOTION AND STIPULATION TO VACATE PRIOR RULINGS IN SUPPORT OF THE PARTIES' CONDITIONAL SETTLEMENT AGREEMENT**<br><br>[Filed concurrently with Notice of Motion and Motion; Declarations of L. Chang and D. Quinn; and Proposed Order] |
| STEVEN M. GARDNER, an individual,<br><br>           Plaintiff,<br><br>      v.<br><br>CAFEPRESS INC., a Delaware corporation, PRIDEANDMORE; and TELLAPART, INC.<br><br>           Defendants. | |

MEMORANDUM IN SUPPORT OF JOINT MOTION TO VACATE PRIOR
RULINGS                                      13-cv-1108-GPC-JLB; 14-cv-792-GPC-JLB

## I.  INTRODUCTION

Plaintiff Steven Gardner and Defendant CafePress Inc. (collectively, the "Parties") participated in a mediation on December 17, 2014 and have reached a confidential and *contingent* settlement agreement that is conditioned upon this Court vacating (i) its December 4, 2014 Order Granting in Part and Denying in Part CafePress' Motion for Summary Judgment (ECF No. 132) ("December 4 Order"), and (ii) the Court's Order of February 26, 2014 (ECF No. 48) ("February 26 Order"). If the Court grants this joint motion seeking *vacatur* of these prior rulings, the Parties will file a stipulation to dismiss with prejudice all claims against all parties asserted in these consolidated actions. If, however, the Court does not grant this joint motion, the Parties will proceed with litigation and agree that the settlement agreement shall have no effect and neither party shall have any obligations under its terms, and the agreement itself shall be confidential and inadmissible for any purpose.

Ninth Circuit authority confirms that the Court has broad discretion to grant this joint request and vacate its own rulings in the absence of extraordinary circumstances. Further, *vacatur* is warranted (and even welcomed) when it will promote settlement and judicial economy. Here, the Court granted in part and denied in part CafePress' motions for summary judgment by ruling in its February 26 Order that Plaintiff is not entitled to recover statutory damages and attorneys' fees for alleged infringement that occurred prior to Plaintiff's registration of its copyrights, and ruling in its December 4 Order that CafePress was entitled to summary judgment on contributory infringement; but notwithstanding findings made in favor of CafePress, the Court ruled that factual issues precluded summary judgment on direct and vicarious liability, and on the DMCA safe harbor defense. The Parties believe it is in their respective best interests to litigate these issues to a final resolution so long as the February 26 and December 4 Orders are outstanding; however, the Parties have reached a conditional settlement that is dependent upon this Court vacating these prior rulings.

1

## II. BACKGROUND

### A. The Court's Prior Summary Judgment Rulings

The Court's February 26 and December 4 Orders are both interlocutory rulings and neither was certified for publication.

In its February 26 Order, the Court granted CafePress' partial motion for summary judgment in ruling that Plaintiff was not entitled to statutory damages or attorneys' fees, but denied CafePress' motion for summary judgment based on the DMCA safe harbor defense. Feb. 26 Order at 14, 16. While the Court made certain factual findings that were favorable to CafePress, it also found that there were other material factual issues in dispute, thereby precluding summary judgment on the issue of infringement pursuant to the safe-harbor defense provided under 17 U.S.C. § 512(c).

CafePress subsequently moved for summary judgment on liability (*see* ECF No. 96). In its December 4 Order, the Court granted CafePress summary judgment on contributory liability, but found factual issues precluded summary judgment on direct and vicarious liability. Dec. 4 Order at 5, 8, 11. Further, in denying CafePress' alternative motion for partial summary judgment, the Court found that CafePress did not carry its burden regarding expenses to support reducing Plaintiff's maximum claim for actual damages from to $6,230 to $405. *Id.* at 3, 11.

In agreeing to settle and dismiss this case with prejudice, both Parties will be giving up the right to appeal the two orders.

### B. The Parties Agreed To Settle On The Condition That The Court Vacates Its Prior Rulings

The Parties recently reached a contingent settlement on terms that are strictly confidential and mutually beneficial to both sides. Declaration of L. Chang ¶ 2; Declaration of J. Kopelowitz ¶ 2. The settlement is contingent on the Court's granting of this joint motion to vacate the December 4 Order, and the February 26 Order.

The Parties also agreed to stay all proceedings pending a ruling on this joint motion. Declaration of L. Chang ¶ 4; Declaration of J. Kopelowitz ¶ 3. Pending are CafePress' motion for summary judgment on Plaintiff's 17 U.S.C. § 1202 claims (ECF

No. 134), CafePress' motion to dismiss the Second Amended Complaint (ECF No. 122), and cross-motions to compel discovery (ECF Nos. 140, 141). Plaintiff's response to CafePress' motion to dismiss is due December 21, 2014 and CafePress' motion for summary judgment are due January 23, 2015. Pursuant to the Court's December 16 Order consolidating Case Nos. 13-cv-1108 and 14-cv-0792, the Parties are to jointly request new scheduling dates by January 16, 2015. A hearing on CafePress' motion to dismiss is set for January 30, 2015. Yesterday, the Parties stipulated before Magistrate Judge Burkhart to extending the deadline to file the reply briefs on the discovery motions until after the Court rules on this joint motion.[1] The Parties request that the Court stay this litigation and extend the deadlines for Plaintiff's responses to CafePress' motions to dismiss and summary judgment, and for the parties to jointly request new scheduling dates, until after the Court rules on this joint motion. If the Court denies this joint motion, the Parties will resume briefing on these pending motions, pursuant to any new dates set by the Court.

### III. THE COURT SHOULD GRANT THIS JOINT MOTION IN THE INTERESTS OF FURTHERING THE PARTIES' SETTLEMENT AGREEMENT WHICH IS CONDITIONED ON *VACATUR*

#### A. The Court Has Broad Discretion To Vacate Its Prior Ruling.

Ninth Circuit precedent makes clear that a district court may vacate its own decision in the absence of extraordinary circumstances. *See Am. Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998).[2] Pursuant to Federal Rule of Civil

---

[1] As of today, neither Lakin Southall nor PrideAndMore have appeared in this lawsuit. The settlement would result in the action being dismissed as to those defendants as well.

[2] The opinion in *American Games Inc.* demonstrates that a district court has broad discretion to vacate its own decisions. There, an intervenor appealed a Washington district court's decision, in a dispute between a copyright owner and a third party to vacate a summary judgment ruling in a copyright infringement case that concluded on summary judgment that the product at issue (bingo cards) was not copyrightable. *Id.* at 1166. The intervenor was sued by the copyright owner in a separate lawsuit in which an Iowa district court denied the copyright owner's preliminary injunction motion on the basis of the Washington district court's ruling on summary judgment. *Id.* At the time, the summary judgment ruling was being challenged on appeal. *Id.* Subsequently, the

MEMORANDUM IN SUPPORT OF JOINT MOTION TO VACATE PRIOR
RULINGS                                          13-cv-1108-GPC-JLB; 14-cv-792-GPC-JLB

Procedure 54(b), interlocutory orders and court rulings therein are subject to being vacated at any time prior to final judgment. Fed. R. Civ. Proc. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *Persistence Software, Inc. v. Object People, Inc.*, 200 F.R.D. 626, 627 (N.D. Cal. 2001) (Hamilton, J.) ("The standard for granting a motion to vacate under Rule 54(b) is less rigid than that under Rule 60(b) governing vacation of final judgments.").

As further set forth below, courts have found a request for *vacatur* "equitable" when made in furtherance of a settlement that resolves and brings finality to the lawsuit. *E.g.*, *Perfect 10, Inc. v. RapidShare A.G.*, Case No. 09 CV 2596 H (WMC) (S.D. Cal. 2010) (granting joint motion to vacate prior ruling on personal jurisdiction as a condition for settlement) (order attached as Chang Decl. Ex. A); *Auto. Club of S. Cal. v. Mellon Bank (DE) Nat'l.*, 224 F.R.D. 657, 659 (C.D. Cal. 2004) (Otero, J.) (granting joint motion to vacate prior judgment that was on appeal and to de-publish findings of fact and conclusions of law in prior opinion where it was represented to the court that the motion was "'[a]n integral part of the confidential settlement" reached between the parties; stating that "'it is equitable to vacate findings that are no longer subject to appellate review by reason of the corporate defendant's decision to settle the litigation'" (citation

---

owner and the defendant in the Washington suit reached an asset sale agreement that mooted the appeal as the parties' interests were no longer adverse. *Id.* The parties requested dismissal of the appeal and vacation of the Washington district court's summary judgment ruling, in which the appellate court remanded to the district court to decide the motion to vacate, which was granted on remand. *Id.* At issue in the intervenor's appeal was whether the district court applied the right standard in deciding the *vacatur* request. *Id.* at 1167. The Ninth Circuit, having surveyed and analyzed decisions discussing the propriety of *vacatur* when the request is made to a reviewing court to vacate a lower court's decision, concluded that "a district court may vacate its own decision in the absence of extraordinary circumstances." *Id.* at 1168.

omitted)); *De La O v. Arnold Williams*, No. CV-04-0192-EFS, CV-05-0280-EFS, 2008 WL 4192033, at *2-3 (E.D. Wash. Aug. 27, 2008) (Shea, J.) (granting motion to vacate partial summary judgment order declaring certain laws unconstitutional pursuant to a class settlement agreement that resolved claims brought "to prevent the State child care and fraud inspectors from wrongfully entering and searching day care provider homes and seizing personal documents"); *Adobe Sys. Inc. v. St. Paul Fire & Marine Ins. Co.*, No. C 07 385 JSW, 2008 WL 1743879, at *1 (N.D. Cal. Apr. 8, 2008) (White, J.) (vacating prior summary judgment order where "as part of the consideration for the settlement, and in view of St. Paul's motion for reconsideration currently pending and the anticipation of the filing of a motion for reconsideration by Adobe, the parties agreed that they would request that the Court vacate [the] [o]rder"); *In re Napster, Inc. Copyright Litig.*, No. C-MDL-00-1369(MHP), C-04-1166 (MHP), 2007 WL 844551, at *1 (N.D. Cal. March 20, 2007) (Chief Judge Marilyn Hall Patel) (granting motion to vacate order compelling discovery further to settlement agreement); *U.S. ex rel Lummi Indian Nation v. State of Washington*, No. C01-0047Z, 2007 WL 3273545, at *9 (W.D. Wash. Nov. 2, 2007) (Zilly, J.) (consenting to vacate prior orders after settlement agreement between parties is finalized and approved); *U.S. Gypsum Co. v. Pac. Award Metals, Inc.*, No. C 04-04941 JSW, 2006 WL 1825705, at *1 (N.D. Cal. July 3, 2006) (White, J.) (granting joint motion to vacate prior patent claim construction order and prior summary judgment where the request was made "[p]ursuant to the terms of [the parties' settlement] agreement").

B. **The Equities Favor Granting This Limited Request For *Vacatur*.**

Equitable considerations also favor granting this joint motion. *See De La O*, 2008 WL 4192033, at *3 ("A court has complete power over interlocutory orders made therein and has authority to revise them when it is 'consonant with equity' to do so."); *see also Auto. Club of S. Cal.*, 224 F.R.D at 659 (stating that upon a request for *vacatur*, a district court considers "'the competing values of finality of judgment and right to relitigation of unreviewed disputes'" (quoting *Ringsby Truck Lines, Inc. v. W. Conference of Teamsters*,

686 F.2d 720, 722 (9th Cir. 1982)); *U.S. Gypsum Co.*, 2006 WL 1825705, at *1 (stating same and concluding "[i]n this case, however, the claims construction order and order granting summary judgment were interlocutory in nature and did not fully adjudicate the rights and claims of the parties," and therefore "they can be vacated at any time prior to final judgment"). The court in *De La O* emphasized that certain factors should be evaluated when considering a request for *vacatur*:

> In considering vacatur of its ruling(s), a district court should evaluate whether all parties involved in the ruling(s) request and agree to vacatur as a condition of a proposed settlement of the action; whether the ruling(s) held a law or regulation unconstitutional and, if so, what public interest inheres in the ruling; whether laws or regulations have been enacted that remedy the constitutional defect found by the judge thereby securing the public interest in the constitutionality of the laws; whether a former party to the action would be adversely affected by vacatur; and whether the costs of continuing the action with uncertain results are outweighed by the benefits of the proposed settlement of the action.

*Id.*, at *1.  Here, all of these factors weigh in favor of granting the parties' joint motion.

**Vacatur is warranted when it promotes settlement and judicial economy.**  See *U.S. Gypsum Co.*, 2006 WL 1825705 at *1 ("[T]he agreement to file the instant motion [to vacate the court's rulings on claim construction and summary judgment] was a significant factor in successfully resolving this litigation."). Here, *vacatur* of the December 4 Order and the February 26 Order is a condition of the Parties' confidential settlement agreement and on that basis, the Court should grant this joint motion in furtherance of the settlement. *See Major League Baseball Props., Inc. v. Pac. Trading Cards, Inc.*, 150 F.3d 149, 152 (2d Cir. 1998) (vacating district court order denying preliminary injunction because the plaintiff "had to be concerned about the effect of the district court's decision in future litigation with alleged infringers" and *vacatur* thus "was a necessary condition of settlement"); *Motta v. Dist. Dir. of INS*, 61 F.3d 117, 118-19 (1st

Cir. 1995) (per curiam) (vacating order where INS, a "repeat player before the courts," could not settle without *vacatur* of order that might be cited as preclusive in subsequent litigation).

***The Court's grant of this joint motion will not disturb any other prior rulings or impact any binding precedent.*** The Parties seek *vacatur* of the two interlocutory rulings that have no precedential value, and would not conflict with any appellate decisions or other prior rulings. *See Hart v. Massanari*, 266 F.3d 1155, 1163 (9th Cir. 2001) ("[M]ost decisions of the federal courts are not viewed as binding precedent. No trial court decisions are; almost four-fifth of the merits decisions of courts of appeals are not."); *Nat'l Union Fire Ins. Co. of Pa. v. Cohen*, No. 92-CIV-9500, 1997 WL 639260 (S.D.N.Y. Oct. 16, 1997) (not reported) (vacating judgment where "vacatur will not have a vital impact on the development of decisional law," in part because "unlike an appellate court, district court decisions are not treated as binding precedent in other cases"); *IBM Credit Corp. v. United Home for Aged Hebrews*, 848 F. Supp. 495, 497 (S.D.N.Y. 1994) ("Unlike an appellate court [order] . . . , district court decisions are not treated as binding precedents in other cases . . . [and] have influence only to the extent that jurists in other cases find them convincing.").

***Lastly, vacatur will not prejudice any other party.*** The Court's prior rulings involved only CafePress and Plaintiff, and if *vacatur* is granted, the settlement will resolve all claims brought by Plaintiff against all other parties. Further, TellApart has consented to a dismissal with prejudice upon settlement of this case. Chang Decl. ¶ 3.

### IV. THE COURT SHOULD STAY THIS LITIGAITON AND EXTEND THE UPCOMING BRIEFING DEADLINES UNTIL AFTER IT RULES ON THIS JOINT MOTION

Because this joint motion, if granted, will allow the Parties to stipulate to a conclusion of this litigation, the Parties request that the Court stay this litigation and extend the following deadlines until after it rules on the joint motion: (1) Plaintiff's December 21, 2014 response to CafePress' motion to dismiss (Briefing Order, ECF No. 123); (2) the Parties January 16, 2015 deadline to request new scheduling dates

(Consolidation Order, ECF No. 143); (3) Plaintiff's January 23, 2015 deadline to respond to CafePress' motion for summary judgment (Briefing Order, ECF No. 138); and (4) the January 30, 2015 hearing on CafePress' motion to dismiss (Briefing Order, ECF No. 123).

## V. CONCLUSION

For the foregoing reasons and in furtherance of the Parties' conditional settlement, the Court should grant the Parties' joint request for *vacatur* of its December 4 Order and the February 26 Order.

Respectfully submitted,

Dated:  December 19, 2014    GREENBERG TRAURIG, LLP

By:   *s/Ian C. Ballon*
    Ian C. Ballon
    *Attorneys for Defendants CafePress Inc. and TellApart, Inc.*
    Email:  ballon@gtlaw.com

Dated:  December 19, 2014    KOPELOWITZ & ASSOCIATES

By:  *s/ Jay S. Kopelowitz*
    Jay S. Kopelowitz
    *Attorneys for Plaintiff Steven M. Gardner*